GLOBAL CAPITAL LAW, PC
Gary Harre, SBN 86938
Diane Beall, SBN 86877
8700 Warner Avenue, Suite 200
Fountain Valley, CA 92708
Telephone: (714) 907-4182
Facsimile: (714) 907-4175

Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION**

In re:

HELADIO RIVERA,

            Debtor

Case No. 11-18651-EC

Chapter 13

**MOTION FOR AN ORDER TO VACATE DISMISSAL OF BANKRUPTCY CASE; VACATE RESTRICTION UNDER 11 U.S.C. §109 AND TO IMPOSE THE AUTOMATIC STAY UNDER 11 U.S.C. §362**

**[FRCP 60(b); FRBP 9024 and 11 U.S.C. §105]**

Date: April 21, 2011
Time: 3:00 p.m.
Place: Courtroom 1639
       255 E. Temple Street
       Los Angeles, CA 90012

**TO THE HONORABLE ELLEN CARROLL, UNITED STATES BANKRUPTCY JUDGE; KATHY A. DOCKERY, THE CHAPTER 13 TRUSTEE APPOINTED TO THIS CASE; THE OFFICE OF THE UNITED STATES TRUSTEE; SECURED AND UNSECURED CREDITORS AND TO ALL OTHER INTERESTED PARTIES:**

///

///

///

HELADIO RIVERA (the "Debtor") in the above-captioned Chapter 13 bankruptcy case, hereby submits the following MOTION FOR AN ORDER TO VACATE DISMISSAL OF BANKRUPTCY CASE; VACATE RESTRICTION UNDER 11 U.S.C. §109 AND TO IMPOSE THE AUTOMATIC STAY UNDER 11 U.S.C. §362 in this matter pursuant to Federal Rules of Civil Procedure ("FRCP") 60(b), and made applicable under Federal Rules of Bankruptcy Procedure ("FRBP") Rule 9024 and 11 U.S.C. §105 as follows:

**I.**

**STATEMENT OF THE CASE AND RELEVANT FACTS**

On or about March 1, 2011 at approximately 9:30 a.m. Heladio Rivera (the "Debtor") filed an emergency Chapter 13 petition Case No. 11-18651-EC, now dismissed in this Court.

The Debtor had a Trustee's Sale scheduled for the very same day as the emergency Chapter 13 bankruptcy case filing, which was set for 10:00 a.m.

When the Debtor filed his emergency Chapter 13 petition on March 1, 2011, he did not file the petition with a Certificate of Credit Counseling, even though he had obtained a briefing from an approved agency. Debtor filed the Exhibit D and checked box 3 stating that "I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now." The Debtor stated that his property is going to sale as his exigent circumstances. See Exhibit A attached hereto.

Since the Debtor had filed an emergency petition on March 1, 2011, the Debtor was required to file the balance of his Schedules, Statement of Financial Affairs, the Chapter 13 Plan and the Certificate of Credit Counseling on or before March 15, 2011.

On or about March 11, 2011, the Court dismissed this bankruptcy case with a 180 day restriction against the Debtor on refiling any bankruptcy case for 180 days.

On or about March 11, 2011, approximately 4 days before the date that the Debtor was required to file the remaining documents, the Debtor filed the Certificate of Credit Counseling, the balance of the Schedules, Statement of Financial Affairs, and the Chapter 13 Plan.

## II.

## THIS COURT HAS THE AUTHORITY TO VACATE THE DISMISSAL OF DEBTOR'S BANKRUPTCY CASE; VACATE THE RESTRICTION UNDER 11 U.S.C. §109 IMPOSED UPON THE DEBTOR AND GRANT RELIEF TO IMPOSE THE AUTOMATIC STAY UNDER 11 U.S.C. §362 IN THIS CASE UNDER FRCP 60(b) INCORPORATED INTO FRBP 9024

A bankruptcy court may grant relief under Federal Rule of Civil Procedure ("FRCP") 60(b), incorporated into bankruptcy proceedings by Federal Rule of Bankruptcy Procedure ("FRBP") 9024, which provides in pertinent part:

"The court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; or (6) any other reason justifying relief from the operation of the judgment or order. The request shall be made within a reasonable time, and not more than one year after the judgment, order or proceeding was entered or taken. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding…or to set aside a judgment or order for fraud upon the court."

FRCP 60(b) complements the discretionary power that bankruptcy courts have as courts of equity "to reconsider, modify or vacate orders so long as no intervening rights have become vested in reliance on the orders." *Meyer v. Lenox (In re Lenox)*; (9th Cir.1990) 902 F.2d 737, 740 (citing *Chinichian v. Campolongo (In re Chinichian)*, (9th Cir.1986) 784 F.2d 1440, 1443; *Taylor v. Lake (In re CADA Inv.., Inc.)*, (9th Cir.1981) 664 F.2d 1158, 1161.

The instant situation is exactly the type of situation in which Rule 60(b) incorporated into Rule 9024 should be applied. As a result of inadvertence, excusable neglect, or mistake, Debtor who filed his bankruptcy petition *In Pro Se*, failed to obtain and file the Certificate of Credit Counseling when the Debtor's Chapter 13 case was filed on March 1, 2011 because of exigent circumstances of a pending Trustee's Sale scheduled for the very same day as the bankruptcy filing on March 1, 2011 on Debtor's real property.

///

**MOTION FOR AN ORDER TO VACATE DISMISSAL OF BANKRUPTCY CASE; VACATE RESTRICTION UNDER 11 U.S.C. §109 AND TO IMPOSE THE AUTOMATIC STAY UNDER 11 U.S.C. §362**

- 3 -

## III.

## IN ADDITION, THE COURT MAY GRANT THE RELIEF BEING REQUESTED UNDER 11 U.S.C. §105 IN THIS MATTER

Similarly, Section 105 of the Bankruptcy Code grants the power to the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The Supreme Court "has certainly acknowledged that a central purpose of the Code is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt." *Grogan v. Garner* (1991) U.S. 279, 286.

That equitable power is established by §105(a) of the Bankruptcy Code, which provides that a bankruptcy court may, "sua sponte, tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *11 U.S.C. §105(a)*.

In this case, relief to vacate the §109 restriction and to impose the automatic stay under 11 U.S.C. §362 would further the Code's goal. The Debtor needs to have the automatic stay imposed to avoid any actions by his creditors, including but not limited to, any action by the foreclosing lender. The Debtor needs to reorganize through bankruptcy at this time that caused him to have to file his Chapter 13 case to retain his property in the first place.

In sum, the Court should vacate the dismissal, vacate the 180 day restriction and the automatic stay under 11 U.S.C. §362 should be imposed in these circumstances.

## IV.

## GOOD CAUSE EXISTS TO VACATE THE RESTRICTION UNDER 11 U.S.C. §109 AND TO IMPOSE THE AUTOMATIC STAY UNDER 11 U.S.C. §362

The Bankruptcy Code (the "Code") has as one of its key provisions, an injunction known as the "automatic stay." The automatic stay provision of Section 362(a) of the Code is one of the fundamental protections provided to a Debtor. *Matter of M. Frenville Co. Inc.,* (3rd Cir.1984) F.2d 332, 334; *Gonzales v. Parks*, (9th Cir.1987) 830 F.2d 1033.

With the filing of a bankruptcy petition, the automatic stay provides the Debtor with a broad temporary injunction against most actions by creditors. *In re Bialac* (9th Cir.1983) 712 F.2d 426, 431; *In re Aldrich*, (9th Cir.BAP 1983) 34 B.R. 776, 779. Under Section 362(a)(6), the automatic stay restrains any act to collect, assess, or recover on a claim against the Debtor that arose before the commencement of the case including any action to recover post-petition funds of the Debtors to satisfy pre-petition debts. *In Matter of Hellums* (7th Cir.1985) 772 F.2d 379, 381; *In re Watson* (9th Cir.BAP 1987) 78 B.R. 232.

These injunctive provisions form a comprehensive scheme to protect the Debtor and estate assets from precipitous creditor actions which might frustrate the purposes of the bankruptcy proceedings. The purpose of the automatic stay is to give the Debtor a "breathing spell" from his creditors and relieve him of the financial pressures that drove him into bankruptcy in the first place. *In re Watson* (9th Cir.BAP 1987) 78 B.R. 232.

The consequences of a §109 violation are that a subsequent bankruptcy petition filed in violation of a 180-day filing bar **does not trigger** the automatic stay under 11 U.S.C. §362. *In re Umali* (9th Cir.2003) 345 F.3d 818, 823.

As such, the Debtor believes and hereby respectfully represents that good cause exists, under the circumstances of this case, for this Court to vacate dismissal of the bankruptcy case, vacate restriction under 11 U.S.C. Section 109 and to reimpose the automatic stay under 11 U.S.C. Section 362 in this matter.

**V.**

**THE COURT SHOULD VACATE THE DISMISSAL OF DEBTOR'S CASE, VACATE THE RESTRICTION UNDER 11 U.S.C. §109 AND TO IMPOSE THE AUTOMATIC STAY UNDER 11 U.S.C. §362 IN THIS CASE BECAUSE THERE IS A 30 DAY WAIVER AFTER THE PETITION IS FILED FOR WHICH TO OBTAIN A CERTIFICATE OF CREDIT COUNSELING IN EXIGENT CIRCUMSTANCES**

As stated, the Court dismissed this case and placed a 180 day restriction on the Debtor on or about March 11, 2011.

///

The pre-filing Credit Counseling Certificate requirement may be waived under limited circumstances. There is "exigent circumstances" allowing a 30-day delay if the Debtor submits a certification satisfactory to the Court stating that he or she sought but was unable to obtain credit counseling during a seven-day period preceding the filing of the petition due to "exigent circumstances". The pre-filing credit counseling certificate is waived until **30 days after** the petition is filed, and the Court may order an additional 15 days thereafter for the Debtor to file the Credit Counseling Certificate. *11 U.S.C. Section 109(h)(3)*.

Official Bankruptcy Form B-1, Exhibit "D" to the petition has a box that must be checked indicating the Debtor is requesting a waiver of the Credit Counseling Certificate requirement based on "exigent circumstances" summarized on Exhibit "D" itself.

Even where the Court is satisfied that "exigent circumstances" exist, an individual Debtor must still obtain credit counseling *within the first 30 days after* filing the bankruptcy petition and promptly file a certificate from the agency. The failure to satisfy **these** requirements may result in the Debtor's case being dismissed. *11 U.S.C. Section 109(h)(3)(B)*.

Courts have found that an imminent foreclosure sale on the Debtor's residence constituted "exigent circumstances" warranting an exemption from or an extension of the credit counseling requirement *where the Debtor* stated that they **were unable to obtain** credit counseling certificate during the 7-day period from the time credit counseling was requested under 11 U.S.C. Section 109(h)(3)(A)(ii). *In re Talib* (BC WD MO 2005) 335 B.R. 417; *In re Dixon* (8th Cir. BAP 2006) 338 B.R. 383; *In re Burrell* (BC WD MI 2006) 339 B.R. 664.

In this case, Debtor did in fact have a foreclosure sale that was scheduled on his real property for the very same day of March 1, 2011 and the Debtor was unable to obtain a credit counseling certificate in time before the filing of his Chapter 13 case on March 1, 2011. The Debtor had stated this information in his Exhibit "D", and that alone was sufficient enough for the Debtor to obtain his credit counseling certificate on or before April 1, 2011, and Debtor did obtain his Certificate of Credit Counseling on March 11, 2011 and it was filed with the Court the very same day along with his remaining schedules on March 11, 2011.

///

**MOTION FOR AN ORDER TO VACATE DISMISSAL OF BANKRUPTCY CASE; VACATE RESTRICTION UNDER 11 U.S.C. §109 AND TO IMPOSE THE AUTOMATIC STAY UNDER 11 U.S.C. §362**

- 6 -

As stated, the Debtor filed the Exhibit D and checked box 3 stating that "I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now." The Debtor stated that his property is going to sale. Exhibit A attached hereto.

## VI.
## THE COURT SHOULD VACATE THE DISMISSAL AND THE RESTRICTION UNDER 11 U.S.C. §109 FOR THE FAILURE TO OBTAIN CREDIT COUNSELING PRIOR TO THE FILING OF DEBTOR'S CHAPTER 13 CASE BECAUSE IT WAS NOT WILLFUL ON THE DEBTOR'S PART

Attached hereto as Exhibit B, is the "Order Dismissing Case with 180 Day Bar" that was entered on March 11, 2011. This Court on the dismissal of Debtors' Chapter 13 case on or about March 11, 2011, and ordered that the debtor is prohibited from filing a petition for relief under any chapter of the Bankruptcy Code for a period of 180 days from the date of the entry of the order.

A restriction under 11 U.S.C. §109 that prohibits a debtor from filing any new bankruptcy petition within **180 days** from the entry of the Order applies **only** where a case was dismissed based on a "willful failure of the debtor to abide by order of the court, or to appear before the court in proper prosecution of the case." *11 U.S.C. §109(g)(1)*.

The "willful failure" to do something "requires a showing that the person had notice of his (or her) responsibility and intentionally disregarded it or demonstrated 'plain indifference.' *In re McIver* (D SC 1987) 78 B.R. 439, 441 (parentheses added).

The debtor has the burden of establishing that the failure to obey a court order was *not* willful on his part. "It would frustrate (the purpose of §109) to require a creditor to prove a "willful failure' while a debtor who failed to comply with a court order stands silent." *In re Montgomery* (8th Cir.1994) 37 F.3d 413, 415-416 (parentheses added); *In re Huerta* (BC CD CA 1992) 137 B.R. 356, 375.

As stated, the Debtor filed the Exhibit D and checked box 3 stating that "I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now." The Debtor stated that his property is going to sale. Exhibit A attached hereto.

Based on this, the dismissal of this case does **not** demonstrate a **willful failure** by the Debtor under Section 109 to place a 180 restriction against the Debtor from filing a petition for relief under any chapter of the Bankruptcy Code for a period of 180 days from the date of entry of the Order.

## VII.

## CONCLUSION

**WHEREFORE,** the Debtor has acted in good faith and the Debtor's failure not to obtain credit counseling prior to filing his bankruptcy case was **not willful** on his part, but in order to stop the pending foreclosure sale on his real property on the very same date as the filing of the bankruptcy petition. The Debtor has acted in good faith under the Bankruptcy Code and the Debtor should be able to enjoy all of the protections afforded by the Bankruptcy law.

In light of the foregoing, Debtor prays that this Court grant the pending Motion to Vacate the Dismissal of the bankruptcy case, vacate the restriction under 11 U.S.C. Section 109 and to impose the automatic stay under 11 U.S.C. §362 in this matter.

Respectfully submitted.

Dated:  March 25, 2011              **GLOBAL CAPITAL LAW, PC**


\_\_/s/  Gary Harre _____
Gary Harre, Esq.
Diane J. Beall, Esq.
Attorneys for Debtor

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.

Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My address is: 8700 Warner Avenue, Suite 200, Fountain Valley, CA 92708

A true and correct copy of the foregoing document described as **Motion for an Order to Vacate Dismissal of Bankruptcy Case; Vacate Restriction under 11 U.S.C. §109; and to impose the Automatic Stay Under 11 U.S.C. §362** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 31, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Kathy A Dockery (TR) efiling@CH13LA.com
- Lee S Raphael cmartin@pprlaw.net
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On March 31, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Ellen Carroll                           Trustee Corp.
255 E. Temple Street, Suite 1634                  17100 Jillette Avenue
Los Angeles, CA 90012                             Irvine, CA 92614

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on          I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 31, 2011 | Delores Jackson | /s/ Delores Jackson |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**MOTION FOR AN ORDER TO VACATE DISMISSAL OF BANKRUPTCY CASE; VACATE RESTRICTION UNDER 11 U.S.C. §109 AND TO IMPOSE THE AUTOMATIC STAY UNDER 11 U.S.C. §362**
– 9 –